United States District Court
Southern District of Texas
ENTERED

AUG 1 9 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 7 1998

Michael N. Milby, Clerk of Court

ISRAEL TORRES-CARRILLO,
    Petitioner,

v.

E.M. TROMINSKI,
    Respondent.

No. CA B-98-59

---

Lisa S. Brodyaga, 402 E. Harrison, 2nd Floor, Harlingen, Texas 78550
Attorney for Petitioner

U.S. Department of Justice, Lisa Putnam, SAUSA, P.O. Box 1711,
Harlingen, Texas 78551; and Kristal Marlow, Office of Immigration
Litigation, P.O. Box 878, Ben Franklin Sta., Washington, D.C. 20044
Attorneys for Respondent

---

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

---

Before this Court is the Petition of Israel Torres-Carrillo for a
Writ of Habeas Corpus, seeking review under 28 U.S.C. §§2241 of an
administratively final order of deportation, issued by the Board of
Immigration Appeals on or about March 24, 1998. The Honorable
Hilda G. Tagle, District Judge, having jurisdiction over the above-
styled and numbered proceeding, has directed this Court to consider
the matter and file a report and recommendation herein.

CMPDF - www.fastio.com

This Court has read the parties' pleadings, considered the issues raised in light of the record and applicable legal standards, and is of the opinion that Respondent's motion to dismiss should be denied, and that the requested Writ should issue.   In support of the aforementioned conclusions, this Court files the following findings of fact and conclusions of law.

## I.   FINDINGS OF FACT

1.  Petitioner is a native and citizen of Mexico, who has resided in this country since approximately November 11, 1985, when he entered as a non-immigrant visitor.   He was granted temporary resident status as of October 28, 1987, and lawful permanent resident status as of December 1, 1990, pursuant to the Special Agricultural Worker provisions of the Act.   Also in 1990, Mr. Torres was convicted of simple possession of approximately ten pounds of marijuana, in Atacosta County, Texas, for which he served approximately ten months, and was released on parole.   In May of 1995, his parole was revoked, due to his failure to timely report to his parole officer following a Christmas trip to visit relatives.   He spent an additional month in jail, plus three months in a rehabilitation center, and was again released from State custody.   Government Exhibits A and C.

2.   INS issued an Order to Show Cause on or about March 14, 1996,

charging deportability under 8 USC §1251(a)(2)(B)(i) for conviction of an offense relating to a controlled substance, and 1251(a)(2)(A)(iii), allegedly for conviction of an aggravated felony. Mr. Torres conceded deportability under the first charge, but denied that his conviction constituted an aggravated felony. He also sought relief from deportation under §212(c) of the Act. *Id.*

3.   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was signed into law. AEDPA §440(d) amended §212(c) of the Act to exclude from its coverage, *inter alia*, persons deportable for having been convicted of an offense relating to a controlled substance.

4.   On December 9, 1996, following a hearing on the merits of his application, an Immigration Judge in Harlingen, Texas, found that AEDPA §440(d) did not apply to offenses committed before its enactment. As a result, she found that Mr. Torres was eligible for §212(c) relief. She also found that he merited said relief in the exercise of discretion, and ordered that deportation proceedings be terminated. INS appealed to the Board of Immigration Appeals, ("BIA"). On March 24, 1998, the BIA granted INS' appeal, based solely on *Matter of Soriano*, I.D. 3289 (BIA 1996; AG 1997) (AEDPA §440(d) applies to all cases pending at the time of its enactment).

3

5. Mr. Torres filed the instant petition April 30, 1998, asserting that he is in custody under the authority of the United States within the meaning of 28 USC §2241(c)(1), and alleging various violations of the laws and Constitution, under 28 USC §2241(c)(3).

## II.   CONCLUSIONS OF LAW

1.   This Court has jurisdiction to review a deportation order under 28 USC §2241, where statutory review is unavailable, or where the petitioner did not deliberately by-pass available statutory procedures. *U.S. ex rel Marcello v. INS*, 634 F.2d 964, 971 (5th Cir. 1981); *Goncalves v. Reno*, No. 97-1953 (1st Cir. May 15, 1998), 1998 WL 236799; *Jean-Baptiste v. Reno*, 1998 WL 228120 (2nd Cir. May 8, 1998), pet. for rehearing pending; *Nguyen v. INS*, 117 F.3d 206 (5th Cir. 1997); *Sabino v. Reno*, __ F.Supp. __, 1998 WL 313305 (S.D.Tx June 1, 1998). Statutory review is precluded herein by §309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), regardless of the nature of the issues presented, due to Petitioner's conviction for a controlled substance violation. *Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir. 1998); *Okoro v. INS*, 125 F.3d 920 (5th Cir. 1997).

2.   Two subsections of 28 USC §2241 are involved herein. Jurisdiction is provided by §2241(c)(1) for petitioners who are "in

4

)

custody under or by color of the authority of the United States,"
and 28 USC §2241(c)(3), for those "in custody in violation of the
Constitution or laws or treaties of the United States." A final
order of deportation constitutes "custody" for purposes of 28 USC
§2241; *Justices of Boston Mun. Court v. Lydon*, 104 S.Ct. 1808
(1984); *Heikkila v. Barber*, 345 U.S. 229 (1953); *U.S. v. Marcello,
supra; Goncalves v. Reno, supra.*

3.  The new 8 USC §1252(g), limiting the Court's power to issue
certain types of orders in immigration cases, does not affect the
Court's jurisdiction herein. Said section is best understood as a
channeling provision, applying only to cases in which judicial
review of an administratively final order of removal is governed by
8 USC §1252, similar to the function of the "sole and exclusive"
language of the former 8 USC §1105a(a). [1]     Interpreting §1252(g)
as applicable to other immigration cases would have the effect of
nullifying the jurisdictional grant of IIRIRA §309(c)(4).   Since
§1252(g) purports to withhold jurisdiction "notwithstanding any
other provision of law," it would, if interpreted as urged by INS,
also bar jurisdiction under IIRIRA §309(c)(4).   Insofar as the two
provisions were enacted simultaneously, this is not what Congress

_____

[1]   Notably, the "sole and exclusive" language of the former 8
USC §1105a(a) did not preclude habeas review of deportation orders
under 28 USC §2241 in appropriate cases. *Marcello v. INS, supra.*

5

intended. *See, Goncalves v. Reno, supra; Sabino v. Reno, supra.*
And conceptually, there is even less reason to characterize IIRIRA
§309(c)(4) as an "exception" to 8 USC §1252(g) (as done in *Auguste
v. Reno,* 1998 WL 236564, (11th Cir. May 12, 1998), retracting its
prior decision, found at 118 F.3d 723 (11th Cir.1997)), than to so
characterize 28 USC §2241. *See also, Felker v. Turpin,* 518 U.S.
651 (1996) (28 USC §2241 may not be repealed "by implication").

4.  Furthermore, 8 USC §1252(g) is limited, by its terms, to orders
of removal.  This Court is not convinced that IIRIRA §309(d)(2) was
intended to expand its coverage to include all orders of
deportation.   IIRIRA §309(d)(2) is limited to "transitional"
matters, and the construction urged by INS would render redundant
the phrase "order of deportation or removal" in 8 USC §1182(d)(12).

5.  Even if  8 USC §1252(g) were applicable, 8 USC §1252(f) would
permit this Court to enjoin Mr. Torres' deportation if it would be
"prohibited as a matter of law."

6.   Moreover, habeas corpus review of deportation orders is
constitutionally mandated, at least for errors of law and
constitutional violations, as can be seen by the fact that such
review was granted during the periods when Congress limited such
review to the fullest extent permitted by the Constitution.

6

*Heikkila v. Barber, supra; Accardi v. Shaughnessy*, 74 S.Ct. 499 (1954) (holding that the petitioner merited a hearing on claim that Attorney General had prejudged his application for suspension of deportation); *Hintopoulos v. Shaughnessy*, 77 S.Ct. 618 (1957) (finding no abuse of discretion in denial of application for suspension of deportation). [2] *See also, Goncalves v. Reno, supra.*

7. Petitioner raises pure questions of law. In habeas proceedings, the Court reviews such issues *de novo; Molina v. Sewell,* 983 F.2d 676, 679, n.3 (5th Cir. 1993) (5 USC §706 provides that regarding an agency's order, "the reviewing court shall decide all relevant questions of law"); *Sabino v. Reno, supra. See also, Diaz-Resendez v. INS,* 960 F.2d 493 (5th Cir. 1992); *Goncalves v. INS, supra.* Habeas jurisdiction under §2241 is adequate to ensure that the proper *legal* standards were applied in denying the petitioner the right *to apply* for a §212(c) waiver. *Accardi v. Shaughnessy, supra;* and *Hintopoulos v. Shaughnessy, supra. See also, Goncalves v. Reno,*

---

[2] The fact that the Government acquiesced to the scope of habeas review urged herein during the period when review was limited to that which was constitutionally mandated can also be seen from the manner in which they defended against such actions. As noted in *Marcello v. Bonds*, 75 S.Ct. 757, 759 (1955) "[T]he Government's return to the writ alleged that petitioner's deportation had been conducted in accordance with the Constitution, laws and regulations of the United States."

7

*supra; Jean-Baptiste v. Reno, supra; Sabino v. Reno, supra; Jurado-Gutierrez v. INS,* 977 F.Supp. 1089 (D.Colo. 1997): *Mojica v. Reno, supra; Ozoanya v. Reno,* 968 F.Supp. 1 (D.D.C. 1997); *Vargas v. Reno,* 966 F.Supp. 1537 (S.D.Cal. 1997); *Yesil v. Reno,* 973 F. Supp. 372 (S.D.N.Y. 1997); *Musto v. Perryman, supra; Prieto and Salazar v. Smith,* No. 97-754WD (W.D. Wash. July 29, 1997)(WLD); *Avelar-Cruz v. Reno,* No. 98-C-1193, 1998 WL 208810 (N.D.Ill. April 27, 1998); *Shah v. Reno,* No. 4:98 CV 06361 (E.D.Mo. April 21, 1998); *Billet v. Reno,* No. 97-CV-6399T, 1998 WL 180653 (W.D.N.Y. April 15, 1998); *Pak v. Reno,* No. 1:98-CV-740 (N.D.Ohio May 29, 1998); *Sandoval v. Reno,* 1997 U.S.Dist.Lexis 20976 (E.D.Pa. December 30, 1997). Although the agency interpretation of inherently vague terms which can only be given meaning though case-by-case adjudication, such as "well-founded fear," is afforded substantial deference, no deference is given to questions of law which are not within the particular expertise of the agency, such as the temporal reach of a statute. *Institute for Tech. Devel. v. Brown,* 63 F.3d 445, 450 (5th Cir. 1995); *Goncalves v. Reno, supra; Mojica v. Reno, supra.*

8. Even if review were limited, as INS urges, to "gross miscarriages of justice," said standard would be met, where, as here, deportation would flow solely from an erroneous

8

interpretation of the law. *Matter of Farinas*, 12 I&N Dec. 467 (BIA 1967) (deportation was gross miscarriage of justice where evidence did not support finding of deportability); *Matter of Malone,* 11 I&N Dec. 730 (BIA 1954) (deportation of alien who was not deportable constituted gross miscarriage of justice)

9. It is a violation of the Equal Protection Clause of the Fourteenth Amendment, as applied through the Fifth Amendment of the United States Constitution, to discriminate against similarly situated classes of individuals, regardless of their citizenship or immigration status, on the basis of a factor which does not bear a fair and substantial relationship to the objectives of the legislation. *Texas Manufactured Housing Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996); *Yeung v. INS,* 61 F.3d 833, 839 (11th Cir. 1995); *Ghassan v. INS,* 972 F.2d 631, 633,n.2 (5th Cir. 1992); *Plyler v. Doe*, 102 S.Ct. 2382 (1982).

10. The speed with which a case moves through the administrative process is not a permissible factor on which to base eligibility for §212(c) relief. It bears no relationship to the objectives of AEDPA §440(d), particularly where the vast majority of the delay was due to INS' failures to timely issue and file the OSC with the Immigration Court. *Texas Manufactured Housing Ass'n, Inc. v. City*

9

was due to INS' failures to timely issue and file the OSC with the Immigration Court. *Texas Manufactured Housing Ass'n, Inc. v. City v. INS, supra; Plyler v. Doe, supra; Mojica v. Reno*, 970 F.Supp. 130 (E.D.N.Y. 1997).

11.   Moreover, §440(d) of AEDPA applies only to residents under deportation, and not exclusion, proceedings. *Matter of Fuentes-Campos*, I.D. 3318 (BIA 1997). Aliens under deportation proceedings are similarly situated to those in exclusion proceedings for purposes of access to relief, and have far greater Due Process rights. AEDPA §440(d) therefore violates Equal Protection for this reason as well. *See, e.g., Francis v. INS*, 532 F.2d 268 (2nd Cir. 1976); *Ghassan v. INS, supra; Jean v. Nelson*, 105 S.Ct. 2992, 3005 (1985); *Mojica v. Reno, supra; Jurado-Gutierrez v. INS,* 977 F.Supp. 1089 (D.Colo. 1997); *Avelar-Cruz v. Reno*, No. 98-C-1193, 1998 WL 208810 (N.D.Ill. April 27, 1998); *Musto v. Perryman*, 1998 WL 242151 (N.D.Ill. May 5, 1998).

12.   Since he had been a lawful permanent resident for more than seven years, Petitioner was found to be eligible for, and granted, §212(c) relief by the Immigration Court. Although §212(c) relief is discretionary, Mr. Torres had a Due Process interest in

receiving meaningful consideration of his application. *Nunez v. Boldin*, 537 F.Supp. 578, 584-85 (S.D.Tx. 1982); app. dis., 692 F.2d 755 (5th Cir. 1982); *Goncalves v. Reno, supra; Sabino v. Reno, supra. See also, Diaz-Resendez v. INS, supra.*

13. An analysis of the Immigration and Nationality Act as a whole, using standard tools of statutory construction, as well as the legislative history of AEDPA, shows that Congress did not intend AEDPA §440(d) to apply to offenses committed prior to its enactment. *Goncalves v. Reno, supra; Mojica v. Reno, supra; Avelar-Cruz v. Reno, supra; Shah v. Reno, supra; Yesil v. Reno, supra; Billet v. Reno, supra; Pak v. Reno, supra;* and *Sandoval v. Reno, supra.*

14. It is axiomatic that, where fairly possible, statutes must be interpreted to avoid constitutional difficulties, *Webster v. Reproductive Health Services*, 109 S.Ct. 3040, 3054 (1989), and that ambiguities in a deportation statute must be resolved in favor of the alien, *INS v. Cardoza-Fonseca*, 107 S.Ct. 1207, 1222 (1987); *Matter of Tiwari*, 19 I&N Dec. 875 (BIA 1989). These principles reinforce the conclusion that AEDPA §440(d) was not intended to apply to offenses committed prior to its enactment, as a contrary

11

interpretation would raise serious constitutional questions.

15. In the alternative, fundamental fairness mandates that Mr. Torres be allowed to pursue his application *nunc pro tunc*, particularly given the six year delay between the conviction for which INS seeks to deport him, and the issuance of the OSC, *Batanic v. INS*, 12 F.3d 662 (7th Cir. 1993).

16. Where the Board's decision is based on a misinterpretation or misapplication of the law, the case must be remanded for reconsideration under the proper standard. *INS v. Cardoza-Fonseca*, *supra*; *Molina v. Sewell, supra; Diaz-Resendez v. INS, supra*.

Based the foregoing, this Court respectfully recommends that Respondent's Motion to Dismiss be *denied*; Mr. Torres' petition be *granted*; that the decision of the Board of Immigration Appeals of March 24, 1998 be *vacated*, and that the case be *remanded* to the BIA for further proceedings consistent herewith.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

12

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 17th day of August, 1998.

Fidencio G. Garza, Jr.
United States Magistrate Judge

13